CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 17 2018
JULIA C. DUDLEY, CLERK
BY: /s/ H. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HERBERT L. SINGLETON, III, | ) |
| Plaintiff, | ) |
| | ) Case No. 5:18cv00105 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| ROBERT O. WILSON, et al., | ) Chief United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Herbert L. Singleton, III, filed the instant complaint, seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). Singleton's complaint names two defendants, both lawyers, and alleges claims of legal malpractice against them.

Federal courts are courts of limited jurisdiction, and the court has an independent obligation to evaluate sua sponte its subject matter jurisdiction over a claim. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see also 28 U.S.C. § 1915(e)(2)(B) (district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis at any time if the court determines that the action fails to state a claim upon which relief can be granted). Here, Singleton alleges the court has federal question jurisdiction but raises state law malpractice claims. He points to no federal statute that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as both the plaintiff and one defendant appear to be citizens of Virginia. As it does not have subject matter jurisdiction over this action, the court must dismiss the complaint in its

1

entirety. Arbaugh, 546 U.S. at 514.

Accordingly, Singleton's application to proceed in forma pauperis will be **GRANTED** and this matter will be **DISMISSED** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered.

Entered: 08-17-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

2